```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA

STEPHEN AND VANESSA WILLIAMS   *        CIVIL ACTION

VERSUS                         *        NO: 08-0062

ALLSTATE INSURANCE COMPANY     *        SECTION: "D"(1)
```

### ORDER AND REASONS

Before the court are the following motions filed by Defendant Allstate Insurance Company:

(1) **Motion for Summary Judgment (Doc. No. 43)**; and

(2) **Motion to Exclude Proposed Expert Testimony of Kenneth C. Savage, or in the Alternative, Motion for Continuance (Doc. No. 47).**

Plaintiffs, Stephen Williams and Vanessa Williams, filed memoranda in opposition.[1] The motions were set for hearing on Wednesday, November 19, 2008, and the court heard oral argument from counsel on Tuesday, November 18, 2008. Now, having considered the memoranda and argument of counsel, the record, and the

---

[1] Plaintiffs have attached to their opposition memoranda, the "Affidavit" of Plaintiff Vanessa Williams and "Affidavits" of Kenneth Savage. However, because none of these affidavits are notarized, they constitute incompetent evidence at this summary judgment juncture.

applicable law, the court finds that both motions should be granted.

## I. Background

As a result of Hurricane Katrina and its aftermath, Plaintiffs' home located in Slidell, Louisiana was heavily damaged from flood waters, and it also received some wind damage. Plaintiffs have fully repaired their home.

Under their flood insurance policy issued by Allstate, Plaintiffs were paid $68,661.16 for structure and $50,000 for contents. Under their homeowner's policy issued by Allstate, Plaintiffs were paid $2,500 for mandatory evacuation expenses; $12,435.92 for wind damage ($8,975.33 for wind damage to the house and $3,460.59 for wind damage to a fence and for tree removal); and $1,165.35 in recoverable depreciation. Thus, under both their flood policy and homeowner's policy, Plaintiffs were paid a combined total of **$82,262.43** (= $68,661.16 + $12,435.92 + $1,165.35) **for structural damage**.

In the instant lawsuit, Plaintiffs seek additional damages under their homeowner's policy, as well as statutory penalties and other relief under LSA-R.S. 22:658 and 22:1220. Plaintiffs have produced actual receipts for only $46,550.60 worth of repairs. Plaintiffs' purported expert, Kenneth Savage, originally opined that the total hurricane damage (wind and flood) to Plaintiff's

house exceeded $110,000, and he later supplemented his opinion by extracting from the total amount of damages, the amount of $54,523.07 as wind damages.  (*See* Original Report of Kenneth Savage, Defendants' Ex. A, attached to Defendant's Motion to Exclude Proposed Expert Testimony of Kenneth C. Savage, and Supplemental Report of Kenneth Savage, Defendant's Ex. J, attached to Defendant's Motion to Exclude Proposed Expert Testimony of Kenneth C. Savage).

In its Motion for Summary Judgment, Allstate argues that it is entitled to summary judgment because Plaintiffs cannot prove that they are entitled to additional damages.  In its Motion to Exclude Proposed Expert Testimony of Kenneth Savage, Allstate argues that the proposed testimony of Mr. Savage is untimely and unreliable. As the court next discusses, Allstate's Motion to Exclude the Proposed Testimony of Mr. Savage has merit, and because there is no genuine issue of material fact, Allstate is entitled to judgment as a matter of law.

## II.  Legal Analysis

### A.  Allstate is entitled to summary judgment on Plaintiffs' claim for additional structural damages.

At the outset, the court finds, as a matter of law, that the flood exclusion provision in Plaintiff's homeowner's policy excludes flood damage regardless of the cause of the flooding.

Thus, Plaintiffs are only allowed to recover damage from wind, or some other covered peril. However, because both covered and non-covered perils contributed to Plaintiffs' loss, Plaintiffs are required to segregate the amount of their covered losses from excluded losses. *Perrien v. State Farm Inc. Co.*, 2008 WL 2705455 at *2-3 (E.D. La. July 9, 2008)(Duval, J); *Hyatt v. State Farm Ins. Co.*, 2008 WL 544182 at *2 (E.D. La. Feb. 25, 208)(Vance, J.).

Allstate argues that because Plaintiffs have fully repaired their house, the actual receipts for repairs are the best evidence of what the repairs actually cost. At oral argument, counsel for Plaintiff argued that the subject policy required Plaintiffs to keep receipts for repairs. The language of the subject homeowner's policy requires, *inter alia*, the following:

> 3. **What You Must Do After A Loss**
>
>    In the event of a covered loss to any property that may be covered by this policy, you must:
>
>    . . .
>
>    b)  protect the property from further loss. Make any reasonable repairs necessary to protect it. **Keep an accurate record of any repair expenses.** [emphasis added]

(*See* Defendant's Ex. C, Policy at pages bate-stamped nos. 4006-000033 & 4006-000034, attached to Defendant's Reply Memo.).

The court finds that such language does not support Allstate's position that the insured was required to keep receipts for the

4

repair of hurricane damage. Rather, to the extent that the requirement set forth in this language is the *sine qua non* for recovery, such requirement is only applicable to reasonable repairs necessary to protect the property from further loss.[2]

The next question is whether Plaintiffs can nevertheless survive summary judgment on their structural damages claim with the opinion of their expert, Kenneth Savage. The court finds that they cannot. Pursuant to Federal Rule of Evidence 702 "Testimony of Experts,"

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based on sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702.

Here, what we in effect have is an "expert" (Mr. Savage) who visits a hurricane damaged dwelling (the dwelling having flooded to approximately 6 ½ feet) more than three years after the hurricane

---

[2] Allstate also relies on *Lambert v. Allstate Ins. Co.*, 195 So.2d 698 (La. App. 1st Cir. 1967) to support its argument that Plaintiffs were required to produce receipts of repairs to recover additional damages. However, such reliance is misplaced because *Lambert* involved a tort claim (which is a negligent or intentional wrong *not* arising out of a contract), whereas this case involves a contractual claim made against a homeowner's policy.

and approximately two years after the dwelling has been repaired. The dwelling insurer (Allstate) has paid total structural damages (for wind and flood) in excess of the amount for which the dwelling owners have receipts for repairs.[3] Mr. Savage's **first** report purports to reflect the total replacement cost of all damages (wind and flood) to the dwelling and his **second** report purports to show the replacement costs of that portion of the dwelling damaged by wind as opposed to flood.[4] (*See* Original Report of Kenneth Savage, Defendants' Ex. A, attached to Defendant's Motion to Exclude Proposed Expert Testimony of Kenneth C. Savage, and Supplemental Report of Kenneth Savage, Defendant's Ex. J, attached to Defendant's Motion to Exclude Proposed Expert Testimony of Kenneth C. Savage).

Mr. Savage rendered his two reports based solely on his visit to the dwelling (more than three years after the hurricane and after the damage had been repaired) and his interview of the dwelling owners (Plaintiffs).[5] (*See* Savage Dep. at p. 19). There

---

[3] Under the Allstate flood and homeowner's policies, Allstate paid Plaintiffs a total of $82,262.43 for structural damages. Plaintiffs' receipts for repairs total $46,550.66.

[4] In his first report, Mr. Savage estimates the total hurricane damage to Plaintiffs' house. Mr. Savage does not segregate damages (wind versus flood) and he gives no opinion as to the cause of any damage (whether from wind, flood, or any other cause). In his second report, Mr. Savage extracts wind damage items from his original estimate of total hurricane damage, and he concludes that wind damage is $54,523.07.

[5] Mr. Savage testified that he did not know who made the repairs to the Plaintiffs' house, when the repairs were made, or the cost of repairs actually made. (Savage Dep. at pp. 23-24).

is simply no other paperwork to corroborate the accuracy of the dwelling owners' claim as described by them to the "expert".

The court concludes that Mr. Savage's opinion regarding "wind" damage is unreliable because it is not "based upon sufficient facts or data" and is not "the product of reliable principles and methods." Fed. R. Evid. 702. To allow Plaintiffs' "wind" claim to go to a jury, based on such an unreliable opinion, would be a miscarriage of justice. The insureds simply must do more to preserve their claim. Thus, the court will grant Allstate's Motion for Summary Judgment on Plaintiffs' structural damages claim, and the court will grant Allstate's Motion to Exclude Proposed Testimony of Kenneth Savage on the issue of wind damages.[6]

## B. Allstate is entitled to summary judgment on Plaintiffs' claim regarding Allstate's claims-handling and accuracy of Allstate's pricing.

In his supplemental report (given to Allstate's counsel at Mr. Savage's deposition on October 13, 2008),[7] Mr. Savage opines for the first time on Allstate's handling of the Plaintiffs' claim and

---

[6] Allstate also argues that Mr. Savage's supplemental report on wind damages is untimely. The court finds that this issue is moot in light of the court finding that Mr. Savage's opinion on wind damages is unreliable.

[7] Plaintiffs' deadline to submit expert reports was September 11, 2008. The Pre-Trial Conference was set for December 10, 2008, and the Trial was set for the week of January 20, 2009.

the accuracy/inaccuracy of Allstate's pricing. The court will not allow such testimony because it is untimely and impermissibly expands the scope of his original report.

### C. Allstate is entitled to summary judgment on Plaintiffs' claim for additional living expenses (ALE) and contents claim

Plaintiffs are not entitled to "Additional Living Expenses" (ALE) under their homeowner's policy because Plaintiffs have offered no competent summary judgment evidence to show that wind, as opposed to flooding, rendered their home uninhabitable. Similarly, Plaintiffs are not entitled to recover under their homeowner's policy on their contents claim because they have presented no evidence supporting that a covered peril (as opposed to flooding) caused damaged their personal property.

Any allegation that wind-driven rain destroyed the contents of Plaintiffs' house prior to the flooding is mere speculation. Plaintiffs evacuated to Atlanta, Georgia before the storm (which struck the area on August 29, 2005) and stayed there "about a month." (Dep. of Vanessa Williams at pp. 11, 35-36). When they returned, they determined that 6 ½ feet of water had flooded their house, and a 3 - 3 ½ inch layer of mud on the first floor was left behind. (*Id*. at pp. 44, 61 & Dep. of Stephen Williams at p. 13).

Plaintiff Stephen Williams testified in his deposition that

there was evidence of water entering from the roof over the garage, but he could not remember any other wind damage inside the house, whether on the first floor or second floor. (Dep. of Stephen Williams at pp. 12, 14-15).

Vanessa Williams also testified that none of the contents that she is claiming under her homeowner's policy were located on the second floor or in the attic because "nothing happened" to the second-floor contents and she had nothing in the attic. (Dep. of Vanessa Williams at pp. 84-85). Vanessa Williams also could not determine which items on the first floor were destroyed by wind as opposed the six feet of flooding on the first floor. (*Id*. at 86). Finally, Plaintiffs' expert, Mr. Savage, rendered no opinion concerning any contents damage.

**D.  Allstate is entitled to summary judgment on Plaintiffs' claim regarding loss of trees, gutter, roofing, fence and siding claims**

Plaintiff have failed to show a genuine issue of material fact regarding whether their loss of trees due to wind is covered by the policy. Regarding any claim Plaintiffs may have for damages to gutters, Plaintiffs have failed to show that they are entitled to any additional amount more than the amount ($157.15 before tax, overhead and profit) Allstate has already paid them. Further, according to a contractor's invoice, Plaintiffs' gutter system was

9

fixed at "no charge." (Defendant's Ex. L, attached to memo. in support of motion for summary judgment). Finally, to the extent that Plaintiffs have any other claims regarding damages caused by trees, damages to the roof, fence and siding, Plaintiffs have failed to raise genuine issues of material fact to survive summary judgment dismissal.

## D.  Allstate is entitled to summary judgment on Plaintiffs' claims for penalties

Because Plaintiffs cannot establish a valid underlying contract claim under their homeowner's policy, they are not entitled to relief under LSA-R.S. 22:658 and LSA-R.S. 22:1220.[8] Plaintiffs have also offered no competent evidence that Allstate acted arbitrarily or capriciously in refusing to pay Plaintiffs any additional sums under their homeowner's policy and there is no evidence that Allstate failed to pay an undisputed amount of the Plaintiffs' claim.

## D.  Allstate is entitled to summary judgment on Plaintiffs' claims for emotional distress

---

[8] If Plaintiffs had a viable claim for statutory penalties, they could not recover penalties under both LSA-R.S. 22:658 and LSA-R.S. 22:1220. Because LSA-R.S. 22:1220 provides a greater penalty, LSA-R.S. 22:1220 supersedes LSA-R.S. 22:658. *Calogero v. Safeway Ins. Co.*, 753 So.2d 170, 174 (La. 2000).

Even if Plaintiffs could survive summary judgment on their contractual claims (which they cannot), Plaintiffs have withdrawn any claims for emotional distress under their homeowner's policy. (*See* Magistrate Judge's Report & Recommendation, Doc. No. 45). Thus, the court dismisses Plaintiffs' claims for emotional distress with prejudice.

Accordingly;

**IT IS ORDERED** that Defendant Allstate Insurance Company's **Motion for Summary Judgment (Doc. No. 43**) be and is hereby **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant Allstate Insurance Company's **Motion to Exclude Proposed Expert Testimony of Kenneth Savage (Doc. No. 47)**, be and is hereby **GRANTED,** because (1) Mr. Savage's opinion regarding wind damage is unreliable; and (2) Mr. Savage's proposed testimony on Allstate's claims-handling and pricing (as set forth in his supplemental report) would impermissibly expand the scope of his original report.

**IT IS FURTHER ORDERED** that the claims of Plaintiffs, Stephen Williams and Vanessa Williams, against Allstate be and are hereby **DISMISSED** with prejudice, and at Plaintiffs' costs.

New Orleans, Louisiana, this **26th** day of **November**, **2008.**

_____
A.J. McNAMARA
UNITED STATES DISTRICT JUDGE